RECEIVED
JUN - 7 2017
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
San Antonio DIVISION

Esperanza George

_____

(Name of plaintiff or plaintiffs)

v.

Atascosa County Adult Probation
Renee Merten, Director

_____

(Name of defendant or defendants)

Civil Action Number

SA17CA0505DAE

(Case Number to be supplied
by the Intake Clerk)

## COMPLAINT

1. This action is brought by Esperanza George, Plaintiff, pursuant to the following selected jurisdiction:

**(Please select the applicable jurisdiction)**

[X] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.) Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

[ ] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (**ADEA**).

[ ] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (**ADA**).

[ ] The Equal Pay Act (29 USC § 206(d)) (**EPA**).

[ ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees only).

2. Defendant Renee Merten (Defendant's name) lives at, or its business is located at 1102 ~~5~~ EG _____ (street address), 3rd Street Floresville (city), TX (state), 78114 (zip).

3a. Plaintiff sought employment from the defendant or was employed by the defendant at Atascosa Adult Probation (street address), 914 Main St Ste #120 (city), Pleasanton (state), TX (zip).

Rev. Ed. April 21, 2009                                                        27

3b. At all relevant times of claim of discrimination, Defendant employed _____ (#) employees. If defendant is a union, at all relevant times of claim of discrimination, Defendant had ____ (#) members.

4. Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint on or about _Jan_____ (month) _10_ (day) _2017_ (year). If incidents of discrimination occurred more than one day, please indicate the beginning and ending dates of such acts:_____
_____
_____.

5. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about _March_ (month) _14_ (day) _2017_ (year). (Not applicable to federal civil service employees).

6a. The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on _ _March_ (month) _22_ (day) _2017_ (year). (Not applicable to ADEA and EPA claims or federal civil service employees).

**VERY IMPORTANT NOTE:**   PLEASE ATTACH A COPY OF YOUR NOTICE OF RIGHT TO SUE AND THE ENVELOPE IN WHICH IT WAS RECEIVED TO THIS COMPLAINT.

6b. Please indicate below if the E.E.O.C issued a **Determination** in your case:

[✓] Yes
[ ] No

**VERY IMPORTANT NOTE:**   IF YOU CHECKED "YES", PLEASE ATTACH A COPY OF THE E.E.O.C.'S DETERMINATION TO THIS COMPLAINT

7. Because of plaintiff's:

   **(Please select the applicable allegation(s))**

   [ ] Race (If applicable, state race) _____

   [ ] Color (If applicable, state color) _____

   [ ] Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim) _____
   _____

   [ ] Religion (If applicable, state religion) _____

   [✓] National Origin (If applicable, state national origin) _Mexican American_

   [ ] Age (If applicable, state date of birth) _____

Rev. Ed. April 21, 2009                                                                                              28

[ ]  Disability (If applicable, state disability) _____

[ ]  Prior complaint of discrimination or opposition to acts of discrimination. (Retaliation) (If applicable, explain events of retaliation) _____
_____.

The defendant: **(please select all that apply)**

[ ]  failed to employ plaintiff.

[X]  terminated plaintiff's employment.

[ ]  failed to promote plaintiff.

[ ]  harassed plaintiff.

[ ]  other (specify) _____
_____.

8a.  State **specifically** the circumstances under which defendant, its agent, or employees discriminated against plaintiff **PERSONALLY**:

**VERY IMPORTANT NOTE:** INCLUDE **SPECIFIC DATES, SPECIFIC EVENTS, AND ANY SPECIFIC COMMENTS** MADE BY DEFENDANT PERTAINING TO THE DISCRIMINATION CLAIM ALLEGED ABOVE.

1/10/17 I have knowledge of a white co-worker using profanity against a defendant and causing a hostile work enviroment, however, she was not terminated.

8b.  List any **witnesses** who would testify for plaintiff to support plaintiff's allegations and the substance of their testimony:

Sgt. Albert Garza, Linda Piedra, Rebeca (EG) Becky Bowen, Glenn Poppe.

8c.  List any **documentation** that would support plaintiff's allegations and explain what the documents will prove:

_____
_____
_____
_____.

Rev. Ed. April 21, 2009                                                    29

9. The above acts or omissions set forth in paragraphs 7 and 8 are:

    [X] still being committed by defendant.
    [ ] no longer being committed by defendant.

10. Plaintiff should attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission. This charge is submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[ ] Defendant be directed to employ plaintiff.

[ ] Defendant be directed to re-employ plaintiff.

[ ] Defendant be directed to promote plaintiff.

[X] Defendant be directed to _monetary compensation for the loss of employment._

_____, and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

_June 7, 2017_
Date

_[signature]_
Signature of Plaintiff

_1317 Jolly St._
Address of Plaintiff

_Pleasanton, TX 78064_
City      State      Zip Code

_-210-316-1223_
Telephone Number(s)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>451-2017-01328 |
|---|---|---|

Texas Workforce Commission Civil Rights Division and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Esperanza George | (210) 316-1223 | 1969 |

Street Address: 1317 Jolly Street, Pleasanton, TX 78064

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ATASCOSA ADULT PROBATION | 15 - 100 | (830) 769-3724 |

Street Address: 1102 3rd Street Floresville, TX 78114

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 01-10-2017   Latest: 01-10-2017
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On January 9, 2013, I was hired as a Community Supervision Officer with the above employer. On January 10, 2017, I was terminated from my position of a Community Supervision Officer by the above employer.

In January 10, 2017, I was informed by Renee Merten, Director, and Valerie Campos, Supervisor, that I was terminated because a defendant accused me of using profanity against a co-worker. I told them that I did not say that and that was not true. They informed me that an investigation was conducted and that they had statements from other people about that incident. Also, I have knowledge of a white co-worker using profanity against a defendant and causing a hostile work environment, however, she was not terminated.

I believe that I have been discriminated against because of my national origin-Hispanic in violation of Title VII of the Civil Rights Act of 1964 as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Mar 14, 2017
Charging Party Signature

NOTARY -- When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/16)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Esperanza George<br>1317 Jolly Street<br>Pleasanton, TX 78064 | From: San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2017-01328 | CESAR O. OSTOLAZA,<br>Investigator | (210) 281-7620 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Travis G. Hicks*      3/21/2017

Enclosures(s)      Travis G. Hicks,<br>Director      (Date Mailed)

cc: **Atascosa Adulth Probation**

**Renee Merten/Director**
**1102 3rd Street**
**Floresville, TX 78114**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
SAN ANTONIO FIELD OFFICE
5410 FREDERICKSBURG ROAD SUITE 200
SAN ANTONIO, TX 78229-3555

AN EQUAL OPPORTUNITY EMPLOYER

Esperanza George
1317 Jolly Street
Pleasanton, TX 78064



02 1P
0000805338
MAILED FROM ZIP CODE 78229
$ 000.46⁰
MAR 21 2017
PITNEY BOWES
UNITED STATES POSTAGE

7806t-244717

# Texas Workforce Commission
## Appeal Tribunal

TWC Building
Austin, Texas 78778

**04-24-2017**
Date Mailed

**CLAIMANT:**

| | |
|---|---|
| ESPERANZA GEORGE | |
| 1317 JOLLY ST | |
| PLEASANTON TX 78064-2447 | |

Appeal No.         2140479-1-2

S.S. No.           XXX-XX-8906

I. C. Date         01/29/2017

Appeal Filed By:   Claimant

Date Appeal Filed: 03/02/2017

**Notice:** The attached decision of the Appeal Tribunal will become final unless, within **FOURTEEN (14) DAYS** after the date mailed, further action is taken in accordance with the instructions contained in this decision. The last day on which you may file an appeal is **05-08-2017**. This date takes into account any official Texas State or Federal holiday which would extend the appeal time limit.

## Appearances:

| Date/Location | For Claimant | For Employer |
|---|---|---|
| 03/30/2017 Telephone | ESPERANZA GEORGE, (No Testimony) | ASHLEY THOMAS, Attorney (No Testimony) |
| 04/18/2017 Telephone | ESPERANZA GEORGE | ASHLEY THOMAS, Attorney |
| | MANUEL ESCOBAR Attorney | RENE MERTEN |
| | | VALERIE CAMPOS, Unit Manager |

**EMPLOYER:**   PI: _X_   NPI: ____   Account No. _99-990210-3_

ATASCOSA COUNTY
1 COURTHOUSE CIRCLE DR STE 103
JOURDANTON TX 78026-3446

ASHLEY THOMAS
ATTORNEY AT LAW
816 CONGRESS AVENUE SUITE 1900
AUSTIN TX 78701

**A-1ATE (907) DATES ARE SHOWN AS MONTH, DAY, & YEAR.**

**CASE HISTORY:** A determination dated February 16, 2017 disqualified the claimant under Section 207.044 of the Texas Unemployment Compensation Act because the claimant was discharged from the last work due to misconduct connected with the work. The no payment period began January 29, 2017 and continues until the claimant returns to employment and either works for six weeks or earns wages at least equal to six times the claimant's weekly benefit amount. The claimant appealed.

The employer will not be billed.

**ISSUES:** The issues in this case include:

Whether the claimant separated from the last work as a result of a discharge based on work-connected misconduct or a voluntary quit without good work-connected cause.

Whether benefits paid to the claimant based on wages from the employer should be charged to the employer's account for use in computing the employer's tax rate.

**FINDINGS OF FACT:** Prior to filing an initial claim for unemployment benefits with the effective date of January 29, 2017, the claimant last worked from January 9, 2013, through January 10, 2017, as a community supervision officer for the named employer, a county government.

The claimant was told she could resign or the employer would terminate her. The claimant and another co-worker had a history of not getting along at work. Both the claimant and the co-worker had previously been suspended for three days because of the behavior they engaged in with each other. The co-worker complained to the employer about the claimant on January 6, 2017 and told the employer that while she had been out on leave and the claimant was servicing her probationers, that several of the probationers had reported to her that the claimant had called her a bitch and that she had removed documents from the probation files. The employer talked to the probationers and took a statement from one of them but did not talk to the claimant as a part of that investigation. When the employer met with the claimant she already had her termination papers written so she could terminate the claimant during the meeting.

**CONCLUSIONS:** Section 207.044 of the Act provides that an individual who was discharged for misconduct connected with the individual's last work is disqualified for benefits until the individual has returned to employment and worked for six weeks or earned wages equal to six times the individual's benefit amount.

Section 201.012 of the Act defines misconduct to mean mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees, but does not include an act in response to an unconscionable act of an employer or superior.

The following decision has been adopted as a precedent by the Commission in Section **MC 190.10** of the Appeals Policy and Precedent Manual.

> Appeal No. 2028-CA-77    The claimant, a registered nurse, was discharged because the employer believed, based on the complaints of patients and other employees, that she had mishandled medications and had misinstructed one of the new personnel in the handling of

narcotics. The claimant denied these allegations under oath and the employer presented no firsthand testimony in support of them. HELD: Since the claimant denied under oath the allegations of misconduct and since the employer presented only secondhand testimony, the employer did not carry its burden of proving that the claimant had been guilty of misconduct connected with the work.

The precedent cited above stands for the proposition that where a claimant has denied the allegations under oath and the employer has presented hearsay only, the evidence is insufficient to support a finding of misconduct connected to the work. In the instant case, the claimant denied the allegations under oath. The claimant was not interviewed during the investigatory process. The co-worker relayed information from her probationers to the employer. The co-worker had no first-hand knowledge of whether the claimant said or did what was alleged by the probationers. The written statement from the probationer although sworn before a notary is still hearsay in that it was a statement made outside the proceeding and offered for the purpose of proving the matter asserted in the statement. The statement of the probationer was also not capable of being cross examined. Further, the probationer's testimony will be given less weight as he was a felony probationer. Accordingly, the evidence is insufficient to support a finding that the claimant committed misconduct. Therefore the determination dated February 16, 2017, which disqualified the claimant for benefits beginning January 29, 2017 under Section 207.044 of the Act, will be reversed.

Section 205.013 of the Act provides that at the end of each calendar quarter the Commission shall bill each reimbursing employer for an amount equal to the amount of the regular benefits plus one-half (1/2) of the amount of the extended benefits paid during such quarter which are attributable to service in the employ of such employer, except that a state, a political subdivision of a state, or any instrumentality of any states or political subdivisions of a state, that is a reimbursing employer shall pay 100 percent of the extended benefits paid, and reimbursements shall be paid by the reimbursing employer to the Commission.

If a reimbursing employer pays a reimbursement to the commission for benefits paid to a claimant that are not in accordance with the final determination or decision under this subtitle, the employer is not entitled to a refund of, or credit for, the amount paid by the employer to the commission unless the employer has complied with the requirements of Section 208.004 with respect to the claimant.

Section 205.0125 of the Act, effective for claims dated September 1, 2015, and later, provides that notwithstanding any other provision of Chapter 205 of the Act, a reimbursing employer is not liable for paying a reimbursement for benefits paid to an individual, regardless of whether the employer was named as the individual's last work, if the individual's separation from work with the employer resulted from the individual being discharged for misconduct or voluntarily leaving work without good cause connected with the individual's work.

Since the claimant's separation from the employer's employment was not a discharge for misconduct connected with the work or a voluntary separation without good cause connected with the work, the employer will be billed for benefits paid to the claimant based on wages from this employer.

**DECISION:** The determination dated February 16, 2017, which disqualified the claimant for benefits beginning January 29, 2017 under Section 207.044 of the Act, is reversed.

The employer will be billed.

A. BAILEY JR
Hearing Officer

awb

 

# Texas Workforce Commission
# Appeal Tribunal

## INSTRUCTIONS

IF YOU WISH TO REQUEST A REVIEW OF THIS CASE BY THE COMMISSION, YOU MAY FILE AN APPEAL BY WRITING DIRECTLY TO **COMMISSION APPEALS, TWC BUILDING RM 678, 101 E. 15TH STREET, AUSTIN, TX 78778**, FAXING TO **512-475-2044**, OR ONLINE AT **www.texasworkforce.org/uiappeal** (CLAIMANTS) OR **www.texasworkforce.org/uiappealemployer** (EMPLOYERS).  YOUR APPEAL MUST BE WITHIN **FOURTEEN (14)** DAYS FROM THE DATE THIS DECISION WAS MAILED TO YOU.  PLEASE INCLUDE IN YOUR APPEAL:  THE CLAIMANT'S SOCIAL SECURITY NUMBER, THE APPEAL NUMBER, AND DATE DECISION MAILED.

IF YOU DID NOT APPEAR AND OFFER EVIDENCE AT THE HEARING BEFORE THE APPEAL TRIBUNAL, YOU MAY REQUEST A NEW HEARING IF YOU WISH TO CONTEST THIS DECISION AND IF YOU HAVE GOOD CAUSE FOR YOUR NONAPPEARANCE.  YOU MAY FILE A REQUEST BY WRITING DIRECTLY TO **APPEAL TRIBUNAL, TWC BUILDING RM 406, 101 E. 15TH STREET, AUSTIN TX 78778**, FAXING TO **512-475-1135**, ONLINE AT **www.texasworkforce.org/uiappeal** (CLAIMANTS) OR **www.texasworkforce.org/uiappealemployer** (EMPLOYERS), OR YOU MAY HAVE A FORM COMPLETED AT ANY LOCAL COMMISSION OFFICE.  YOUR REQUEST MUST GIVE THE REASONS WHY YOU WERE NOT ABLE TO APPEAR AND MUST BE WITHIN **FOURTEEN (14)** DAYS FROM THE DATE THIS DECISION WAS MAILED TO YOU.  PLEASE INCLUDE IN YOUR REQUEST:  THE CLAIMANT'S SOCIAL SECURITY NUMBER, THE APPEAL NUMBER, AND DATE DECISION MAILED.

IF THE **FOURTEENTH (14)** DAY FROM THE DECISION MAILING DATE FALLS ON A TEXAS STATE OR FEDERAL HOLIDAY, THE TIME LIMIT FOR FILING A REQUEST FOR A NEW HEARING OR AN APPEAL WILL BE EXTENDED THROUGH THE NEXT WORKING DAY.  ANY REQUEST FOR A NEW HEARING OR APPEAL MADE PRIOR TO THE DATE THIS DECISION WAS MAILED WILL NOT BE TREATED AS A PROPER AND TIMELY REQUEST FOR REHEARING OR APPEAL FROM THIS DECISION.

IF YOU FAX YOUR APPEAL OR PETITION TO REOPEN, TWC MUST RECEIVE IT NO LATER THAN 14 DAYS FROM THE DATE THE DECISION WAS MAILED.

IF YOU FILE YOUR APPEAL BY FAX, YOU SHOULD RETAIN YOUR FAX CONFIRMATION AS PROOF OF TRANSMISSION.

IF YOU FILE YOUR APPEAL ONLINE, YOU SHOULD RETAIN YOUR CONFIRMATION AS PROOF OF SUBMISSION.

TWC WILL USE THE DATE WE RECEIVE THE FAX OR THE DATE THE ONLINE APPEAL WAS SUBMITTED TO DETERMINE WHETHER YOUR APPEAL IS TIMELY.

## INSTRUCCIONES

EN CASO DE QUERER SOLICITAR A LA COMISION UNA REVISION DE LA PRESENTE CAUSA, SE PUEDE APELAR ESCRIBIENDO DIRECTAMENTE A LA SIGUIENTE DIRECCION **COMMISSION APPEALS, TWC BUILDING RM 678, 101 E. 15TH STREET, AUSTIN, TX 78778** O MANDANDO POR FAX AL **512-475-2044** O EN LINEA EN **www.texasworkforce.org/uiappeal**.  LA APELACION DEBE INTERPONERSE DENTRO DE UN PLAZO DE **CATORCE (14)** DIAS SUBSIGUIENTES A LA FECHA DE ENVIO DE LA PRESENTE RESOLUCION.  SIRVASE INCLUIR EN SU APELACION EL NUMERO DE SEGURO SOCIAL DEL/DE LA RECLAMANTE, EL NUMERO DE LA APELACION Y LA FECHA DE ENVIO DE LA RESOLUCION.

EN CASO DE NO HABER COMPARECIDO PARA OFRECER PRUEBAS EN LA AUDIENCIA ANTERIOR Y DE QUERER IMPUGNAR LA RESOLUCION, Y SI HA TENIDO UNA CAUSA JUSTIFICADA PARA NO COMPARECER, PUEDE SOLICITAR UNA NUEVA AUDIENCIA, ESCRIBIENDO DIRECTAMENTE A LA SIGUIENTE DIRECCION **APPEAL TRIBUNAL, TWC BUILDING RM 406, 101 E. 15TH STREET, AUSTIN, TX 78778,** MANDE POR FAX AL **512-475-1135**, EN LINEA A **www.texasworkforce.org/uiappeal** O LLENANDO EL FORMULARIO CORRESPONDIENTE EN CUALQUIER OFICINA LOCAL DE LA COMISION.  DICHA SOLICITUD, EN LA QUE HAY QUE INDICAR POR QUE MOTIVO(S) NO PUDO COMPARECER, DEBERA PRESENTARSE DENTRO DE UN PLAZO DE **CATORCE (14) DIAS SUBSIGUIENTES A LA FECHA DE ENVIO DE LA PRESENTE RESOLUCION.  SIRVASE INCLUIR EN SU APELACION EL NUMERO DE SEGURO SOCIAL DEL/DE LA RECLAMANTE, EL NUMERO DE LA APELACION, Y LA FECHA DE ENVIO DE LA DECISION.

EN CASO DE QUE EL DECIMOCUARTO (CATORCEAVO) DIA SUBSIGUIENTE A LA FECHA DE ENVIO DE LA RESOLUCION, CAIGA EN UN DIA OFICIALMENTE FERIADO EN EL ESTADO DE TEJAS O EN EL PAIS DE LOS ESTADOS UNIDOS, SE PRORROGARA EL PLAZO PARA APELAR O SOLICITAR NUEVA AUDIENCIA PARA INCLUIR EL PROXIMO DIA LABORABLE.  TODA SOLICITUD DE APELACION O DE NUEVA AUDIENCIA QUE SEA PRESENTADA ANTES DE LA FECHA DE ENVIO DE LA PRESENTE RESOLUCION, NO SERA CONSIDERADA COMO DEBIDA Y OPORTUNAMENTE PRESENTADA.

SE USTED VA A ENVIAR POR FAX SU APELACION O SOLICITUD DE REAPERTURA LA TWC DEBE RECIBIRLA A MAS TARDAR 14 DIAS POSTERIORS A LA FECHA EN QUE SE LE ENVIO LA DECISION POR CORREO.

SI PRESENTA LA APELACION POR FAX, GUARDE COPIA DE LA TRANSMISION FAX COMO PRUEBA DE HABERLO ENVIADO.

SI PRESENTA SU APELACION EN LINEA, DEBE GUARDAR SU CONFIRMACION COMO PRUEBA DE LA PRESENTACION.

LA TWC USARA LA FECHA EN QUE RECIBAMOS EL FAX O LA FECHA CUANDO SE PRESENTO LA APELACION EN LINEA PARA DETERMINAR SI SU APELACION ES OPORTUNA.

Revised 09/11/2013

Appeal Tribunal
Texas Workforce Commission
101 East 15TH Street, Room 410
Austin TX 78778-0001

ESPERANZA GEORGE
1317 JOLLY ST
PLEASANTON TX  78064-2447